UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>    Plaintiff,<br><br>  vs.<br><br>STU SHERMAN,<br><br>    Defendant. | 1:17-cv-00479-AWI-GSA-PC<br><br>**ORDER GRANTING MOTION TO STAY (ECF No. 25.)**<br><br>**ORDER STAYING DISCOVERY PENDING OUTCOME OF SETTLEMENT CONFERENCE** |

## I. BACKGROUND

Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint, filed on April 4, 2017, against defendant Stuart Sherman ("Defendant") on Plaintiff's claim for adverse conditions of confinement under the Eighth Amendment. (ECF No. 1.)[1]

On September 27, 2018, Defendant filed a motion to stay discovery. (ECF No. 25.) On October 15, 2018, Plaintiff filed a notice of non-opposition to the motion. (ECF No. 26.)

## II. MOTION TO STAY

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power

---

[1] All other claims and defendants were dismissed from this action on June 11, 2018, based on Plaintiff's failure to state a claim. (ECF No. 14.)

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceeding in federal court . . . are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendant requests a stay of discovery in this action pending the outcome of the settlement conference scheduled for January 29, 2019, as the settlement conference may resolve this case in its entirety. Defendant argues that it would be unduly burdensome, time consuming, and expensive for Defendant to respond to discovery requests that will ultimately be deemed moot if this case settles.

The court does not lightly stay litigation, due to the possibility of prejudice. However, Defendant's arguments have merit, and Plaintiff has indicated that he does not oppose a stay of discovery. Therefore, the court finds good cause to grant Defendant's motion to stay.

### III. CONCLUSION

Accordingly, good cause having been shown and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay, filed on September 27, 2018, is GRANTED;
2. Discovery in this action is STAYED, pending the outcome of the settlement conference scheduled for January 29, 2019; and
3. In the event the settlement conference is unsuccessful, the court shall issue a new discovery and scheduling order.

IT IS SO ORDERED.

Dated: **October 17, 2018**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE